UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Brown,<br><br>                Plaintiff,<br><br>vs.<br><br>Charleston County Detention Center; CO Morgan;<br>CO Gaffney; CO Wilder; CO Geathers; CO A. Jones;<br>CO Warrenburg; CO Fischer,<br><br>                Defendants. | C/A No. 2:13-00310-RMG-BM<br><br>REPORT AND<br>RECOMMENDATION |

The *pro se* plaintiff, Michael Brown, files this action *in forma pauperis* under 28 U.S.C. § 1915, claiming defamation and slander by correctional officers during Plaintiff's previous incarceration at the Charleston County Detention Center (the "Detention Center"). Plaintiff names the Detention Center and seven correctional officers as defendants, and requests monetary damages based on the officers' alleged unprofessional conduct.

The *in forma pauperis* statute, 28 U.S.C. § 1915, permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against abuses of this statute, it also allows a district court to dismiss the case prior to service if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Further, although a Complaint drafted by a *pro se* litigant is accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a



claim cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 391 (4th Cir.1990). Such is the case here.

Plaintiff files this action claiming defamation and slander by seven Detention Center correctional officers during his incarceration from March 2010 to January 2011. However, if the Complaint is intended to be brought pursuant to 42 U.S.C. § 1983, it fails to state a claim on which relief may be granted because, first, the Detention Center itself is not a person subject to suit. *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Further, even if the Complaint is liberally construed as seeking damages from the named individuals, it fails to state a claim under § 1983 because it fails to allege that the individual defendants deprived Plaintiff of a federal right. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (held that there is no claim for a constitutionally protected interest in an individual's reputation, so allegations of defamation alone do not involve federal rights); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980)(A claim under 42 U.S.C. § 1983 must allege that individual defendants acting under color of state law deprived plaintiff of a federal right.).

The Complaint also fails to establish this Court's jurisdiction, as Plaintiff's claims for defamation and slander do not pose a federal question and therefore cannot serve as the basis for federal jurisdiction. Rather, Plaintiff's claims for defamation and libel are based in state law. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (held that no claim for a constitutionally protected interest in individual's reputation, so allegations of defamation alone do not involve federal rights). Therefore, since the allegations of the Complaint are insufficient to state a claim that is "arising under the Constitution, laws, or treaties of the United States," federal question jurisdiction is not

2

established. 28 U.S.C. § 1331. Although federal courts may decide state law claims in conjunction with federal law claims through the exercise of "supplemental jurisdiction"; *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998); since Plaintiff has asserted no federal claims, this Court cannot exercise supplemental jurisdiction over Plaintiff's state claims. *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

Finally, while claims based solely on state law may also be decided in federal court if diversity jurisdiction is established; 28 U.S.C. § 1332; the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). The Complaint alleges that Plaintiff and all of the defendants are citizens of the State of South Carolina. Accordingly, this Court has no diversity jurisdiction to consider Plaintiff's state law claims.

## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the Complaint *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

April 3, 2013
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge

3

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

