IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Brown, ) | |
| ) | C/A No. 2:13-310-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Charleston County Detention Center; CO ) | |
| Morgan; CO Gaffney; CO Wilder; CO ) | |
| Geathers; CO A. Jones; CO Warrenburg; ) | |
| CO Fischer, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending this Court dismiss this action without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915. (Dkt. No. 10). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

### Background

Plaintiff, proceeding *pro se*, files this action *in forma pauperis* under 28 U.S.C. § 1915, claiming defamation and slander by correctional officers during Plaintiff's previous incarceration at the Charleston County Detention Center. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) DSC, the case was assigned to a Magistrate Judge for all pretrial proceedings. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. On April 4, 2013, the Magistrate Judge issued an R&R recommending that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service of process. (Dkt. No. 10). Plaintiff failed to file timely objections to the R&R.

1

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss an action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

### Discussion

After review of the record and the R&R, the Court finds the Magistrate Judge applied sound legal principles to the allegations of the complaint and therefore wholly adopts the R&R as the order of the Court. The Court agrees that Plaintiff's claim for defamation and slander does not state a claim under 42 U.S.C. § 1983. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation . . . is a tort actionable under the laws of most States, but not a constitutional

deprivation."). Further, the Court agrees that it has no jurisdiction over this action because Plaintiff has not alleged a viable cause of action under federal law, and the parties to this action are not diverse. 28 U.S.C. §§ 1331-32.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court (Dkt. No. 10) and therefore dismisses this action without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 26, 2013
Charleston, South Carolina

3